JEFFER, MANGELS, BUTLER & MARMARO LLP
JOEL D. DEUTSCH (Bar No. 102660), JDeutsch@jmbm.com
BERNARD R. GANS (Bar No. 57068), brg@jmbm.com
MATTHEW D. HINKS (Bar No. 200750), MHinks@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff DOCMAGIC, INC.

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

CV 09 4017

|  |  |
|---|---|
| DOCMAGIC, INC., a California corporation, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. Monopolization and Attempted Monopolization and Antitrust Violations;** |
| ELLIE MAE, Inc. a California corporation; and DOES 1 through 10, inclusive, | **2. Violation of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16700 *et seq.*** |
| Defendants. | **3. Intentional Interference with Contractual Relationship** |
|  | **4. Interference with Prospective Economic Advantage** |
|  | **5. Unfair Competition Cal. Bus. & Prof. Code § 17200, *et seq.*** |
|  | **DEMAND FOR JURY TRIAL** |



ORIGINAL

JMBM | Jeffer Mangels Butler & Marmarou LLP

PRINTED ON
RECYCLED PAPER

## JURISDICTION

1.    This action arises under the provisions of the antitrust laws of the United States, 15 U.S.C. § 2 *et seq.* This Court has subject matter jurisdiction, under 28 U.S.C. §§ 1331 and 1337, over the federal claims alleged below. This Court has supplemental jurisdiction, under 28 U.S.C. § 1367, over the state law claims alleged below.

## INTRADISTRICT ASSIGNMENT

2.    A substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in the City of Pleasanton, County of Alameda. Specifically, the Defendant resides in the City of Pleasanton. The ePASS Agreement (defined herein) was entered into, and the obligations arising thereunder were to be performed, in the County of Alameda, State of California.

## VENUE

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(a) in that all defendants reside in this judicial district.

## THE PARTIES

4.    Plaintiff DocMagic, Inc. ("DocMagic") is, and all times pertinent hereto was, a California corporation with its principal place of business in the city of Carson, County of Los Angeles, California.

5.    DocMagic is informed and believes, and on that basis alleges, that at all times relevant hereto defendant Ellie Mae, Inc. ("Ellie Mae") was and is a corporation organized and existing under the laws of the State of California with its principal place of business in the city of Pleasanton, County of Alameda, California.

6.    DocMagic does not know the true names and capacities, whether

- 2 -

Complaint

6414390v1

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

1    individual, corporate, partnership or otherwise, of defendants Does 1 through 10,
2    inclusive, and therefore sues these defendants by such fictitious names. DocMagic is
3    informed and believes, and on that basis alleges, that each of the fictitiously named
4    defendants is in some manner responsible for the events and happenings referred to
5    herein, and that at all times mentioned herein, defendants, and each of them, were
6    acting as the agents, servants, and/or employees of Ellie Mae. When DocMagic
7    ascertains the true names and capacities of Does 1 through 10, it will amend this
8    Complaint accordingly.

9       7.    DocMagic is informed and believes, and on that basis alleges, that at all
10   times material to this Complaint, unless otherwise indicated, each defendant was the
11   agent and employee of all other defendants, and in performing the acts hereinafter
12   alleged, each was acting within the scope of his or its authority as such agent and
13   employee and with the permission, knowledge and consent of all other co-defendants
14   and each of them.

15      8.    Ellie Mae and defendant Does 1-10 are sometimes collectively referred
16   to herein as "Defendants."

17

18                **FACTS COMMON TO ALL CAUSES OF ACTION**

19      9.    Founded in 1988, DocMagic is a provider of mortgage loan origination,
20   processing and document preparation software. Since its introduction, DocMagic's
21   flagship product, DocMagic®, has revolutionized the mortgage document industry.
22   The DocMagic product is an efficient and simple automated mortgage loan closing
23   document software program that allows mortgage brokers, mortgage bankers and
24   lenders to easily produce, electronically deliver and/or print error-free mortgage loan
25   closing documents.

26      10.   Among other things, Ellie Mae is a provider of software and services for
27   the mortgage industry and offers business solutions for mortgage bankers, mortgage

28

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON RECYCLED PAPER

6414390v1                                    Complaint

1  brokers and lenders. Among the products offered by Ellie Mae is a loan origination
2  software ("LOS") product known as Encompass, which is a type of software used by
3  mortgage loan originators in the origination, processing and closing of a mortgage
4  loan. In addition, Ellie Mae is also an internet platform provider for mortgage loan
5  brokers through its ePASS Network product.

6      11.    Ellie Mae's ePASS Network provides an internet platform for mortgage
7  brokers, which enable them to build and host their individual consumer websites and
8  establishes linkages and data transmission capacity through an "electronic bridge"
9  between the mortgage brokers, lenders, and service providers.

10      12.    The ePASS Network takes the highly fragmented mortgage industry and
11  makes it accessible via one interconnected, electronic network embedded in several
12  of the industry's most used loan origination systems.

13      13.    The ePASS Network has been widely adopted in the mortgage industry
14  to streamline transactions among the thousands of dispersed entities in the industry.
15  As a result, the ePASS Network provides electronic connectivity for all key members
16  of the multi-stepped mortgage transaction, including brokers, lenders, investors, and
17  servicers.

18      14.    Ellie Mae itself describes the ePASS Network as "the mortgage
19  industry's online transaction platform" and claims that the ePASS Network enables
20  over 40,000 mortgage companies in the United States to do business online with the
21  country's leading lenders and nearly 100,000 settlement service providers. Ellie Mae
22  further claims that the ePASS Network streamlines and automates transactions with
23  the GSEs (Government Sponsored Entities), forty-five of the nation's leading
24  wholesale and correspondent lenders, over 88,000 appraisers and 2,200 service
25  providers including credit, title, flood, insurance, and document providers.

26      15.    In or about October 2008, Ellie Mae was issued Patent No. 7,444,302
27  (the "Ellie Mae Patent") for the ePASS Network entitled "Online Network for
28

JMBM | Jeffer Mangels
Butler & Marmaro LLP

- 4 -

Complaint

1   Fulfilling Loan Applications from Loan Originators."

2       16.    The ePASS Network was launched in 2001 and, according to Ellie Mae,

3   connects more than 2,000 unique partners. Millions of transactions pass through the

4   ePASS Network each year. According to Ellie Mae, its Encompass LOS product in

5   conjunction with the ePASS Network connects 150,000 users to transact more than

6   $5 billion in mortgages a month.

7       17.    Ellie Mae has boasted that as much as one-third of all mortgage loans

8   written in the United States passes through the ePASS Network. In addition, Ellie

9   Mae also claims that: (1) 95% of all mortgage professionals in the United States have

10  access to the Ellie Mae network of lenders and service providers through its

11  Encompass LOS; (2) 2.5 million mortgage broker loans were sent to lenders and were

12  managed through Ellie Mae's infrastructure in the past 12 months; (3) 45% of all

13  loans transacted in the United States are originated with Ellie Mae software; (4) Ellie

14  Mae controls 40% of the nationwide market for loan origination software; and (5)

15  that approximately 50, including 8 of top 10, leading Lenders use Ellie Mae

16  technology for receiving loan submission data from brokers.

17      18.    On or about November 24, 2003, DocMagic and Ellie Mae entered into

18  an Electronic Bridge Agreement (the "ePASS Agreement"), whereby DocMagic was

19  included in the ePASS Network in exchange for a fee depending upon the volume of

20  transactions made by DocMagic through the ePASS Network.

21      19.    Pursuant to the ePASS Agreement, DocMagic was provided access to

22  the ePASS Network until recently when Ellie Mae notified DocMagic of its intent to

23  terminate the ePASS Agreement. Subsequently, Ellie Mae took drastic steps to

24  prevent hundreds of current DocMagic/Encompass users from accessing DocMagic

25  products through unfair and anticompetitive behaviors, including sabotaging its

26  clients by preventing access to DocMagic through alternative (non-ePASS) web

27  service calls.

28

JMBM | Jeffer Mangels
       Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

- 5 -

20.     Ellie Mae currently refuses to provide DocMagic access to the ePASS Network and has been notifying DocMagic's customers of such fact and encouraging them to use Ellie Mae's competing mortgage loan document system.

21.     Compounding matters, Ellie Mae now also refuses to permit DocMagic to bypass the ePASS Network and connect to Encompass users electronically through DocMagic's proprietary XL technology.  Although, Ellie Mae's Software Development Kit for Encompass ("SDK") was created, in part, to allow Encompass users to connect with third party providers such as DocMagic, Ellie Mae now threatens to bring legal action against DocMagic if an Encompass user makes use of the SDK for the very purpose for which it was designed.  In addition, Ellie Mae has recently modified its Encompass license agreement to prohibit Encompass users from using the SDK to transfer data from Encompass to any third party, including DocMagic, thereby bypassing the use of the ePASS Network.

## FIRST CLAIM FOR RELIEF

**(Monopolization and Attempted Monopolization and Antitrust Violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 AND 26)**

22.     DocMagic incorporates the allegations in paragraphs 1 through 19 above, as if set forth fully herein.

23.     This claim is brought against Ellie Mae pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, for injunctive relief, treble damages, and costs of suit, including reasonable attorneys' fees, for Ellie Mae's violation, as hereinafter alleged, of Section 2 of the Sherman Act, 15 U.S.C. § 2.

/ / /

/ / /

/ / /

- 6 -

## NATURE OF TRADE AND COMMERCE

24.     The trade and commerce involved herein consists of the marketing and provision of internet portals for mortgage professionals to establish linkages and data transmission capacity through an "electronic bridge" between the mortgage brokers, mortgage bankers, lenders and other service providers.  As used herein, the term "relevant product market" means an internet portal providing electronic linkages for mortgage loan closing document preparation services.  As used herein, the term "relevant geographic market" means the United States.

25.     DocMagic is informed and believes, and on that basis alleges, that the relevant product market is $100 to $200 million.

26.     Ellie Mae operates in interstate commerce and the conduct described herein affects interstate and foreign commerce.

27.     DocMagic competes directly with Ellie Mae by virtue of DocMagic being a provider of internet-based mortgage loan closing document preparation services falling within the relevant product market.

28.     DocMagic is informed and believes, and on that basis alleges, that Ellie Mae has achieved a dominant market position in the relevant product market by, *inter alia*, misusing the inherent monopoly power flowing from its ePASS Network and the Ellie Mae Patent to which Ellie Mae claims ownership.

29.     DocMagic is informed and believes, and on that basis alleges, that, by virtue of its dominant market position and as result of its control over access to the market through its ePASS Network, as alleged hereinbelow, Ellie Mae  has achieved and is maintaining and misusing market and monopoly power in the relevant product market.

30.     DocMagic is informed and believes, and on that basis alleges, that Ellie Mae is improperly controlling access to the ePASS Network and preventing any suitable workarounds thereto to restrain trade in the relevant product market and in

- 7 -

0414390v1

1  the market for mortgage loan closing document preparation services, to control prices

2  and distribution of products and/or services in the relevant product market and the

3  market for mortgage loan closing document preparation services, and to prevent

4  competitors and prospective competitors from continuing in and/or entering the

5  relevant product market and the market for mortgage loan closing document

6  preparation services.

7

8                **ELLIE MAE'S ATTEMPTED MONOPOLIZATION**

9       **AND/OR MONOPOLIZATION OF THE RELEVANT MARKET**

10     31.    DocMagic is informed and believes, and on that basis alleges, that Ellie

11  Mae has engaged in and is engaging in a systematic scheme to monopolize and/or

12  attempt to monopolize the relevant product market.

13     32.    DocMagic is informed and believes, and on that basis alleges that Ellie

14  Mae is using both its dominant market position and its control over access to the

15  ePASS Network to stifle competition, engage in anti-competitive conduct, and

16  control the distribution of products and/or services in the relevant geographical

17  market.

18     33.    Specifically, Ellie Mae refuses to allow DocMagic access to the ePASS

19  Network, refuses to allow DocMagic to use the open platform SDK to bypass the

20  ePASS Network, has established a competing product and is contacting DocMagic's

21  customers to urge them to utilize Ellie Mae's competing product.

22     34.    DocMagic is informed and believes, and on that basis alleges, that Ellie

23  Mae has been successful and/or exhibits a dangerous probability of being successful

24  in its efforts to monopolize the relevant product market and control prices and harm

25  competition in the market for mortgage loan closing document preparation services.

26  DocMagic is informed and believes, and on that basis alleges, that Ellie Mae

27  presently controls at least 50% of the relevant product market and stands to increase

28

6414390v1

JMBM Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

its monopolistic hold on that market and to harm the market for mortgage loan closing document preparation services through its present anti-competitive course of conduct.

35.    Ellie Mae's conduct will continue to cause substantial injury to interstate trade and commerce by precluding competition, forcing competition out of the market and by providing Ellie Mae with sufficient market and monopoly power to control an otherwise competitive market.

36.    As a direct and proximate result of Ellie Mae's violations of Section 2 of the Sherman Act, DocMagic has suffered and will suffer monetary damages from Ellie Mae's unlawful conduct in an amount not yet determined.  Additionally, DocMagic has incurred and will incur liability for costs and attorneys' fees.

37.    DocMagic lacks an adequate remedy at law.

38.    By its conduct, Ellie Mae  has violated Section 2 of the Sherman Act, 15 U.S.C. § 2, and unless the Court permanently enjoins Ellie Mae's attempts to engage in the monopolization and attempted monopolization activities alleged herein, Ellie Mae's activities will continue to cause irreparable harm to DocMagic -- and to interstate trade and commerce in general.

## SECOND CLAIM FOR RELIEF

**(Violation of the Cartwright Act, Cal. Bus. & Prof. Code §§  16700 *et seq.*)**

39.    DocMagic incorporates the allegations in paragraphs 1 through 36 as if set forth fully herein.

40.    This claim is asserted against Ellie Mae under the California Cartwright Act, Cal. Bus. & Prof. Code §§  16700 et seq.

41.    Ellie Mae's acts and conduct alleged above have taken place, at least in part, in California, and are directed to the provision of services within the internet-based mortgage loan closing document preparation software industry and in the

PRINTED ON
RECYCLED PAPER

6414390v1

Complaint

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1   relevant product market in California as well as to DocMagic, which has its principal
2   place of business in California.

3       42.    Ellie Mae's conduct violates the Cartwright Act in that, inter alia, it has
4   monopolized and/or attempted to monopolize the relevant product market by the
5   conduct described herein.

6       43.    As a direct and proximate result of Ellie Mae's violations of the
7   Cartwright Act, DocMagic has suffered and will suffer monetary damages from Ellie
8   Mae's unlawful conduct in an amount not yet determined. Additionally, DocMagic
9   has incurred and will incur liability for costs and attorneys' fees.

10      44.    DocMagic lacks an adequate remedy at law.

11      45.    By its conduct, Ellie Mae has violated the Cartwright Act, Cal. Bus. &
12  Prof. Code §§ 16700 et seq., and unless the Court permanently enjoins Ellie Mae's
13  attempts to engage in the monopolization and attempted monopolization activities
14  alleged herein, Ellie Mae's activities will continue to cause irreparable harm to
15  DocMagic -- and to interstate trade and commerce in general.

16

17                          **THIRD CLAIM FOR RELIEF**

18          **(Intentional Interference with Contractual Relationship)**

19      46.    DocMagic incorporates the allegations in paragraphs 1 through 43 as if
20  set forth fully herein.

21      47.    DocMagic has had contractual and/or business relationships with various
22  customers within the internet-based mortgage loan closing document preparation
23  software industry for the marketing and distribution of products and services supplied
24  by DocMagic.

25      48.    Ellie Mae has either actual or constructive knowledge of the existence of
26  the contractual or business relationships DocMagic has had with DocMagic's
27  customers.

28

PRINTED ON
RECYCLED PAPER

6414390v1

JMBM | Jeffer Mangels
       Butler & Marmaro LLP

49.   DocMagic is informed and believes, and on that basis alleges, that Ellie Mae intended to interfere with the contractual and/or business relationships DocMagic has had with its customers.

50.   By its conduct alleged hereinabove, Ellie Mae has directly and proximately caused interference with DocMagic's contractual and/or business relationships as alleged herein.

51.   As a direct and proximate cause of Ellie Mae's conduct, DocMagic has suffered and will suffer monetary damages in an amount not yet determined, but in excess of $5 million. Additionally, DocMagic has incurred and will incur liability for costs and attorneys' fees.

52.   By its acts, Ellie Mae has violated DocMagic's rights and unless Ellie Mae is restrained and enjoined by this Court, Ellie Mae's acts will continue to cause irreparable harm and injury to DocMagic.

53.   Each of the acts by Ellie Mae complained of in this cause of action is willful, wanton, malicious, oppressive and in conscious disregard of DocMagic's rights, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

## FOURTH CLAIM FOR RELIEF

### (Interference with Prospective Economic Advantage)

54.   DocMagic incorporates the allegations in paragraphs 1 through 51 as if set forth fully herein.

55.   DocMagic is informed and believes, and on that basis alleges, that Ellie Mae has begun communicating with DocMagic's current and potential customers, and/or others from whom DocMagic could realize economic benefit, and informing them of Ellie Mae's refusal to provide DocMagic access to the ePASS Network and urging such customers current and potential customers to utilize Ellie Mae's

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Marmaro LLP

6414390v1

Complaint

1    competing products and services.

2        56.    DocMagic had valid and existing business expectancies with these

3    customers and others, with a reasonable probability of realizing a financial benefit

4    therefrom.  Ellie Mae knew or should have known of DocMagic's business

5    expectancies from these customers and others.

6        57.    DocMagic is informed and believes, and on that basis alleges, that Ellie

7    Mae intended to exercise its monopoly power within the relevant product market for

8    the purposes of interfering with DocMagic's business expectancies so as to deprive

9    DocMagic of realizing any financial benefit from those expectancies.

10       58.    As a direct and proximate cause of Ellie Mae's conduct, DocMagic has

11   suffered and will suffer monetary damages in an amount not yet determined, but in

12   excess of $5 million.  Additionally, DocMagic has incurred and will incur liability for

13   costs and attorneys' fees.

14       59.    By its acts, Ellie Mae has violated DocMagic's rights and unless Ellie

15   Mae is restrained and enjoined by this Court, Ellie Mae's acts will continue to cause

16   irreparable harm and injury to DocMagic.

17       60.    Each of the acts by Ellie Mae complained of in this cause of action is

18   wilful, wanton, malicious, oppressive and in conscious disregard of DocMagic's

19   rights, justifying the imposition of punitive and exemplary damages under California

20   Civil Code § 3294.

21

22                        **FIFTH CLAIM FOR RELIEF**

23        **(Unfair Competition Cal. Bus. & Prof. Code § 17200, et seq.)**

24       61.    DocMagic incorporates the allegations in paragraphs 1 through 58 as if

25   set forth fully herein.

26       62.    Defendants' wrongful acts and conduct as alleged hereinabove, constitute

27   unfair and unlawful competition pursuant to California law.

28

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

6414390v1                                      Complaint

63.    Said unfair competition threatens to and will cause great and irreparable injury to DocMagic in that such conduct will result in the diversion from DocMagic of substantial amounts of business. The damages that have been and will be sustained by DocMagic by reason thereof cannot readily be ascertained or calculated, and unless immediate injunctive relief as prayed for herein is granted, the unfair competition will have been completed, rendering ineffective a final judgment. By reason thereof, Plaintiff has no adequate remedy at law for such acts and threatened acts. Accordingly, DocMagic is entitled to preliminary and permanent injunctive relief as prayed for herein.

## PRAYER FOR RELIEF

WHEREFORE, DocMagic prays for judgment on its respective claims as follows:

ON THE FIRST CLAIM FOR RELIEF:

1.    For an order that, by the acts complained of herein, Ellie Mae has violated Section 2 of the Sherman Act, 15 U.S.C. § 2;

2.    For a preliminary and permanent injunction enjoining Ellie Mae, and its officers, employees, agents, representatives and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in conduct that monopolizes or attempts to monopolize the relevant product market for an internet portal providing electronic linkages for mortgage loan closing document preparation services; and

3.    For an order awarding DocMagic damages, in an amount to be fixed by the Court in accordance with proof, resulting from Ellie Mae's violations of United States antitrust laws, and further that such damages be trebled.

/ / /

/ / /

Complaint

6414390v1

JMBM Jeffer Mangels
Butler & Marmaro LLP

1  ON THE SECOND CLAIM FOR RELIEF:

2      4.    For an order that, by the acts complained of herein, Ellie Mae has

3  violated the California Cartwright Act, Cal. Bus. & Prof. Code §§ 16700 *et seq.*;

4      5      For a preliminary and permanent injunction enjoining Ellie Mae, and its

5  officers, employees, agents, representatives and those persons in active concert or

6  participation with them who receive actual notice of the order by personal service or

7  otherwise, from engaging in conduct that monopolizes or attempts to monopolize the

8  relevant product market for an internet portal providing electronic linkages for

9  mortgage loan closing document preparation services; and

10     6      For an order awarding DocMagic damages, in an amount to be fixed by

11  the Court in accordance with proof, resulting from Ellie Mae's violations of

12  California antitrust laws, and further that such damages be trebled.

13

14  ON THE THIRD CLAIM FOR RELIEF:

15     7.    For an order that, by the acts complained of herein, Ellie Mae has

16  intentionally interfered with the contractual and/or business relationships of

17  DocMagic;

18     8.    For a preliminary and permanent injunction enjoining Ellie Mae, and its

19  officers, employees, agents, representatives and those persons in active concert or

20  participation with them who receive actual notice of the order by personal service or

21  otherwise, from engaging in conduct that interferes with the contractual and/or

22  business relationships or DocMagic; and

23     9.    For an order awarding DocMagic damages, in an amount to be fixed by

24  the Court in accordance with proof, and including punitive and exemplary damages

25  as appropriate, resulting from Ellie Mae's interference with DocMagic's contractual

26  and/or business relationships.

27

28

JMBM | Jeffer Mangels
       Butler & Marmaro LLP

JMBM | Jeffer Mangels
Butler & Marmarou

1

ON THE FOURTH CLAIM FOR RELIEF:

2    10.    For an order that, by the acts complained of herein, Ellie Mae has
3 interfered with DocMagic's prospective economic relationships;

4    11.    For a preliminary and permanent injunction enjoining Ellie Mae, and its
5 officers, employees, agents, representatives and those persons in active concert or
6 participation with them who receive actual notice of the order by personal service or
7 otherwise, from engaging in conduct that interferes with DocMagic's prospective
8 economic relationships; and

9    12.    For an order awarding DocMagic damages, in an amount to be fixed by
10 the Court in accordance with proof, and including punitive and exemplary damages
11 as appropriate, resulting from Ellie Mae's interference with DocMagic's prospective
12 economic relationships.

13

14    ON THE FIFTH CLAIM FOR RELIEF:

15    13.    For an order that, by the acts complained of herein, Ellie Mae has
16 engaged in unfair competition under California law;

17    14.    For a preliminary and permanent injunction enjoining Ellie Mae, and its
18 officers, employees, agents, representatives and those persons in active concert or
19 participation with them who receive actual notice of the order by personal service or
20 otherwise, from engaging in unfair competition; and

21    / / /
22    / / /
23    / / /
24    / / /
25    / / /
26    / / /
27    / / /
28

- 15 -
Complaint

ON ALL CLAIMS FOR RELIEF:

15.    For DocMagic's costs of suit and attorneys' fees;

16.    For pre-judgment interest; and

17.    For such other relief as the Court deems just and proper.

DATED: August 28, 2009                    JEFFER, MANGELS, BUTLER &
                                          MARMARO LLP
                                          JOEL D. DEUTSCH
                                          BERNARD R. GANS
                                          MATTHEW D. HINKS


                                          By:_____
                                                   MATTHEW D. HINKS
                                          Attorneys for Plaintiff DOCMAGIC, INC.

- 16 -

Complaint

6414390v1

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues raised by the Complaint.

DATED: August 28, 2009           JEFFER, MANGELS, BUTLER &
MARMARO LLP
JOEL D. DEUTSCH
BERNARD R. GANS
MATTHEW D. HINKS

By:_____
MATTHEW D. HINKS
Attorneys for Plaintiff DOCMAGIC, INC.

- 17 -

Complaint

6414390v1

1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    JOEL D. DEUTSCH (Bar No. 102660), JDeutsch@jmbm.com
2   BERNARD R. GANS (Bar No. 57068), brg@jmbm.com
    MATTHEW D. HINKS (Bar No. 200750), MHinks@jmbm.com
3   1900 Avenue of the Stars, Seventh Floor
    Los Angeles, California 90067-4308
4   Telephone:  (310) 203-8080
    Facsimile:   (310) 203-0567
5
    Attorneys for Plaintiff DOCMAGIC, INC.
6

7

8               UNITED STATES DISTRICT COURT FOR THE

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  DOCMAGIC, INC., a California         CASE NO.
    corporation,
12                                       **CERTIFICATION OF INTERESTED
              Plaintiff,                 ENTITIES OR PERSONS**
13
         v.
14
    ELLIE MAE, Inc. a California
15  corporation; and DOES 1 through 10,
    inclusive,
16
              Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other

2    than the named parties, there is no such interest to report

3

4    DATED: August 28, 2009          JEFFER, MANGELS, BUTLER &
                                      MARMARO LLP
5                                     JOEL D. DEUTSCH
                                      BERNARD R. GANS
6                                     MATTHEW D. HINKS

7

8                                     By:_____
                                               MATTHEW D. HINKS
9                                     Attorneys for Plaintiff DOCMAGIC, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -